OPINION
PER CURIAM.
Emerson Elder, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying a post-judgment motion related to his employment discrimination action. We will affirm.
Elder filed an employment discrimination action against New Jersey Transit Corp. claiming that he was not hired as a result of religious discrimination and in retaliation for his previous legal actions against the company. The District Court granted summary judgment for New Jersey Transit in an order entered March 23, 2004, and we affirmed the District Court’s order.
On October 4, 2005, Elder filed a motion for reconsideration, which the District Court treated as filed pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 7.1, and denied as untimely and without merit. On March 17, 2008, Elder filed a motion for a new hearing, which the District Court treated as filed pursuant to Rules 59(e) and 60(b), and also denied as untimely and without merit. Elder unsuccessfully sought reconsideration of the denial of his March 17, 2008, motion.
On November 12, 2008, Elder filed yet another post-judgment motion challenging the District Court’s March 23, 2004, order. The District Court treated the motion as filed pursuant to Rules 59(e) or 60(b) and found the motion untimely and without merit. This appeal followed.
The District Court did not abuse its discretion in denying Elder’s post-judgment motion. Elder asserted an alleged conflict of interest between his appointed counsel and New Jersey Transit and its counsel. We agree with the District Court that Elder’s motion was untimely under Rule 59(e) because it was filed more than 10 days after the entry of the order granting summary judgment, see Fed.R.Civ.P. 59(e), and untimely under Rule 60(b) because the motion was not filed within a reasonable time. See Fed.R.Civ.P. 60(c). Moreover, Elder’s motion repeated assertions that he had made in his previous post-judgment motions, which the District Court had denied.[1]
Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court’s order.

. To the extent Elder seeks to appeal the denials of his earlier post-judgment motions, he did not timely appeal the District Court's orders and we lack jurisdiction to review them.